IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                                       Criminal No. 1:06CR29

TONI D. OSBORNE,
                Defendant.

## ORDER/OPINION

On the 22nd day of February 2007, came the defendant, Toni D. Osborne, in person and by her counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney, Shawn Angus Morgan, pursuant to an Amended Petition for Warrant or Summons for Offender Under Supervision filed in this case on February 22, 2007, alleging:

1. Violation of Mandatory Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance.

2. Violation of Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

   On January 19, 2007, the defendant furnished a urine specimen which was confirmed positive for cocaine, hydrocodone and hydromorphone . . . .

3. Violation of Special Condition No. 2: The defendant shall participate in a program of testing, and if necessary counseling and treatment for drug abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.

   On November 30, 2006, the Probation Officer referred the defendant to Phoenix and Associates for outpatient substance abuse treatment with Hilry Gordon. The Probation Officer directed the defendant to attend two 60 minute counseling sessions per month. As of the date of this report, the defendant has not attended any counseling sessions with Hilry Gordon.

1

4. Violation of Special Condition No. 2: The defendant shall participate in a program of testing, and if necessary counseling and treatment for drug abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.

   On November 30, 2006, the defendant began substance abuse treatment at the Clarksburg Treatment Center. The program requires the defendant to participate in two individual counseling sessions per month and two group counseling sessions per month. The defendant's counselor, Jodie, reported that the defendant has not been compliant with the treatment requirements. The defendant has failed to attend scheduled individual counseling on December 13, and 20, 2006. She cancelled her counseling appointment on December 28, 2006. The defendant did not attend counseling on January 9, 2007, and she cancelled an appointment on January 11, 2007. She did not attend counseling on January 19 and January 22, 2007. Additionally, the defendant has not attended any group counseling sessions during December and January 2007. The defendant has reported to the clinic to receive daily doses of methadone from November 30, 2006, to the date of this report, with the exception of January 24 and 27, 2007.

5. Violation of Mandatory Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance.

6. Violation of Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

   On February 16, 2007, the defendant furnished a urine specimen which was confirmed positive for marijuana . . . .

The defendant's Probation Officer further noted she had filed two previous non-compliance summaries: 1) August 29, 2006, notifying the Court that Defendant had tested positive for hydromorphone immediately following her sentencing hearing; and 2) December 5, 2006, advising the Court that Defendant tested positive for opiates on November 27, 2006. At that time Defendant admitted she was addicted to pain medication and agreed to go to outpatient counseling as well as seek daily treatment at the methadone clinic.

Prior to the taking of evidence, counsel for Defendant waived the preliminary hearing in

writing, conceding probable cause existed to forward this revocation matter to Chief United States District Judge Irene M. Keeley for hearing and disposition.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of her supervised release as alleged in the Amended Petition for Warrant or Summons for Offender Under Supervision filed February 22, 2007.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violations alleged the Amended Petition for Warrant or Summons for Offender Under Supervision filed February 22, 2007.

Defendant moved the Court to permit her to remain on release on bond pending further proceedings in this matter. Defendant proffered through counsel that for the past eight days she had been receiving no methadone at the regional jail, which could have been "deadly" medically speaking. She had made it through withdrawal, however, and had completed a Residential Substance Abuse Referral form for the in-patient ACT Unit in Fairmont, West Virginia. She had not yet been accepted into the program. Defendant also proffered that she had never used drugs while in her parents' house – only when she went out with friends. She lived with her parents and her children. Her parents were able and willing to act as third-party custodians if Defendant were permitted to remain on bond on 24-hour home incarceration with electronic monitoring pending acceptance into the ACT Unit program. Her parents were able and willing to transport Defendant to Probation for drug testing and other appointments.

The Government opposed Defendant's release on any conditions, noting in particular that Defendant had been offered various treatment programs by her Probation Officer and had not availed

herself of them. Although her Probation Officer did not require she go into inpatient treatment, the ACT Unit program was actually offered to Defendant before Christmas, but she rejected that option in favor of outpatient treatment at the Clarksburg Treatment Center. According to the Amended Petition, however, Defendant had not complied with the treatment requirements.

Defendant argued that she no longer needed methadone, and the safety of the community could be reasonably assured by her home incarceration at her parents' home with electronic monitoring. Her parents would not allow her to leave the house, and at least one parent was always home. Defendant argued that she did want treatment and understood that she had a problem. She argued that there were conditions of release that could reasonably assure the safety of the community.

In consideration of all which, the Court finds:

1. Defendant is currently charged with serious violations of her conditions of supervised release, repeated in nature and involving the use of drugs.
2. Defendant was offered on a number of occasions different forms of treatment or counseling, and either failed to avail herself of them or failed in the effort.
3. Regarding Defendant's offer to go to the ACT Unit for 28-day treatment:
   a) The offer comes on the heels of her arrest– she did not avail herself of this suggested treatment prior to her arrest;
   b) Her prior conduct speaks volumes with respect to her willingness to participate in treatment;
   c) Home confinement while waiting for a bed in the ACT Unit would not guarantee treatment much less compliance. Home confinement may achieve the desired result

    of sobriety, or may not.

 d)  It is not presently known when and even if a bed will become available in the ACT Unit.

Without precluding Defendant from requesting release to go to the ACT Unit when and if a bed becomes available, the Court **DENIES** Defendant's motion for release while placement is being sought.

Defendant's motion for release on bond is therefore **DENIED** without prejudice.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this order to counsel of record.

DATED: February 22 , 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE